484 S.E.2d 921

**STATE of West Virginia ex rel. Robert Junior GAINS, Petitioner,**

v.

**Emily J. BRADLEY, Magistrate for Wood County, Respondent.**

No. 23841.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 14, 1997.

Decided March 17, 1997.

Daniel B. Douglass, II, Douglass & Douglass, Parkersburg, for Petitioner.

Emily J. Bradley, Magistrate of Wood County, Parkersburg, Pro Se.

MAYNARD, Justice:

This is an original proceeding in Prohibition instituted by the relator, Robert Junior Gains, II, against the respondent magistrate, Emily J. Bradley. In this action, the relator seeks to prohibit the respondent from presiding at his domestic abuse and parole revocation hearings pursuant to W.Va.Code § 50–4–7 (1992), and to mandate that the respondent transfer these matters to another magistrate. After a careful review of the issue raised and the documents filed in this action, we deny the relator the relief which he seeks.

**I.**

**FACTS**

In his petition to this Court, the relator, Robert Junior Gaines, II, states the following facts. The relator was serving a six month unsupervised probation term pursuant to a plea agreement when he was alleged to have committed a domestic battery. Due to these allegations, a hearing to revoke his probation was scheduled for November 8, 1996. Both the domestic battery petition and the motion to revoke probation were set to be heard

before Magistrate Emily J. Bradley, the respondent. Pursuant to W.Va.Code § 50–4–7 (1992)[1], the relator filed an "Affidavit of Bias or Prejudice of Magistrate" with the respondent in which he claimed that the respondent is biased against him and requested the transfer of his cases to another magistrate. To support his claim of bias, the relator stated that, "[i]n the past my experiences with Mrs. Bradley has [sic] been less than pleasant, she has been rude and disrespectfull [sic] to me."

· When the respondent refused to transfer his cases to another magistrate, the relator sought a writ of prohibition from the Circuit Court of Wood County. In his petition to the circuit court, the relator asserted that the first affidavit of prejudice filed pursuant to W.Va.Code § 50–4–7 (1992), is peremptory. In other words, upon the filing of such an affidavit, the magistrate shall automatically remove herself from the case and have the case transferred to another magistrate. The circuit court denied the relator's writ of prohibition, holding that the right of removal of the magistrate provided by W.Va.Code § 50–4–7 (1992), does not preclude a review of the sufficiency of the affidavit. The circuit court held that if the affidavit is found to be insufficient, the transfer may be refused. The relator then presented to this Court his petition praying for a writ of prohibition to be directed against the respondent. This Court issued a rule to show cause why the relief requested in the petition should not be granted against the respondent. For the following reasons, we deny the writ of prohibition.

## II.

### Discussion

The sole issue for our determination is whether W.Va.Code § 50–4–7 (1992), provides for the automatic removal of the magistrate and transfer of the case solely upon the filing of an affidavit alleging bias. We hold that it does not.

The relator asserts that this Court held in *Pritchard v. Crouser*, 175 W.Va. 310, 332 S.E.2d 611 (1985) that the first affidavit of prejudice filed pursuant to W.Va.Code § 50–4–7 (1992), is automatic. The relator notes our statement in *Pritchard* that W.Va.Code § 50–4–7 provides for "*one* peremptory challenge *without* a showing of actual prejudice", *Pritchard*, 175 W.Va. at 312, 332 S.E.2d at 613, and maintains that, even though the affidavit must contain some recital of the bias or prejudice, to be sufficient it need only show that the defendant has sufficient reason to believe the magistrate is biased. The relator also contends that the respondent's alleged conduct violated subsections B(4) and (5) of Canon 3 of the Code of Judicial Conduct concerning impartiality.[2] Finally, the

1. W.Va.Code § 50–4–7 (1992) states:

   Any party to a civil or criminal proceeding before a magistrate in any county wherein there is more than one magistrate may file an affidavit that the magistrate before whom the matter is pending has a personal bias or prejudice either against him or in favor of any opposite party or that such magistrate has counseled with any opposite party with respect to the merits of the proceeding. The affidavit shall state the facts and reasons for belief in the truth thereof. Such affidavit must be filed within such time as may be provided by the supervisory rules of the supreme court of appeals. The supreme court of appeals shall provide a form affidavit which shall be made available to all parties and which shall comply with the requirements of this section.

   Upon timely filing of such affidavit, the magistrate shall transfer all matters relating to the case to the magistrate court clerk, who shall thereupon assign and transfer the matter to be heard by some other magistrate within the county upon a basis to be established by the judge of the circuit court, or the chief judge thereof if there is more than one judge of the circuit court. Such transfer and assignment shall be permitted, however, only if there is some other magistrate in the county before whom the matter had not been previously pending. No party shall be entitled to cause such a transfer more than once.

   The magistrate to whom the matter is assigned shall set a new return date not more than five days from his receipt of the matter, shall notify all parties thereof, and shall proceed with the matter as if it had been originally assigned to him.

2. *Code of Judicial Conduct* Canon 3 (1993), states:

   B(4) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity, and shall require similar conduct of lawyers, and of staff, court officials, and others subject to the judge's discretion and control.

relator claims that the respondent exceeded her legitimate powers by continuing to act once the relator filed the affidavit and requested the transfer.

We disagree with the relator's assertion that W.Va.Code § 50–4–7 (1992), provides for the automatic transfer of a case to another magistrate solely upon the filing of an affidavit alleging bias. We also believe the relator's assertion is based on a misreading of *Pritchard.* In *Pritchard* we dealt with the question of whether W.Va.Code § 50–4–7, "is mandatory or discretionary". *Pritchard,* 175 W.Va. at 312, 332 S.E.2d at 613. That case concerned a party who filed affidavits of bias against three of four magistrates in a county pursuant to W.Va.Code § 50–4–7. There we concluded that, "W.Va.Code § 50–4–7 [1980] permits only one peremptory 'affidavit of prejudice' against a magistrate. This limitation cannot be circumvented by filing several affidavits at once." Syllabus Point 1, *Pritchard.* In our discussion, we noted that "[u]pon the filing of the affidavit, the case is automatically transferred to the magistrate court clerk who must reassign the case to another magistrate." *Pritchard,* 175 W.Va. at 312, 332 S.E.2d at 613. What we did not discuss in *Pritchard* is the sufficiency of the affidavit that activates the mandatory automatic transfer of the case. *Pritchard* simply stands for the proposition that the summary procedure set forth in W.Va.Code § 50–4–7, for the removal of a magistrate from a case can only be utilized once. *Pritchard* does not mean that the mere filing of an affidavit alleging bias, without more, requires the automatic removal of a magistrate.

According to its plain language, W.Va. Code § 50–4–7 (1992), requires an affidavit stating "the facts and reasons for belief" that a magistrate is biased. This language indicates that a party must state facts or reasons sufficient to support an allegation of bias. The magistrate must review the affidavit to determine whether or not the facts or reasons stated are sufficient. If this is not what the Legislature intended, it would not have mandated the making of an affidavit because such an action would serve no purpose. If the intent of the Legislature was to provide for an automatic transfer without any review, it would simply have said that a party could apply for a transfer upon an allegation of bias.[3]

Also, we see no reason why the Legislature would recognize the right of a party to change magistrates without providing a sufficient basis for doing so. Such a right would promote exactly what the statute was designed to prevent, which is partiality. Also, changing magistrates without a sufficient basis would also encourage forum shopping, which the law disfavors. For these reasons we conclude that W.Va.Code § 50–4–7 (1992), provides for the removal of a magistrate and the transfer of a case only where, upon review, the magistrate finds that the affidavit states sufficient facts to support the allegation of bias. Also, we add that under W.Va. Code § 50–4–7, the magistrate's traditional task upon review was not to determine the truth or falsity of the facts or reasons stated, but simply whether the facts or reasons, if true, support the allegation of bias.

Commentary.——*The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Judges can be efficient and businesslike while being patient and deliberate.*
(5) A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status, and shall not permit staff, court officials and others subject to the judge's direction and control to do so.
Commentary.——*A judge must perform judicial duties impartially and fairly. A judge who manifests bias on any basis in a proceeding impairs the fairness of the proceeding and*

*brings the judiciary into disrepute. Facial expression and body language, in addition to oral communication, can give to parties or lawyers in the proceeding, jurors, the media, and others an appearance of judicial bias. A judge must be alert to avoid behavior that may be perceived as prejudicial.*

**3.** *See,* 47 Op. Att'y Gen. 308 (1958). This Attorney General opinion concerns the same issue now before this Court. In finding that the "Justice of the Peace or Police Judge" could question the sufficiency of the affidavit before transferring the proceeding, the Attorney General reasoned that the statute would not require an affidavit containing facts and reasons supporting an allegation of bias otherwise.

In the case before us, the relator's affidavit stating that his experiences with the respondent have been "less than pleasant", and that the respondent has been "rude and disrespectful" to the relator are not sufficient for a reasonable person to conclude that the respondent is biased against the relator. As the circuit court stated in its opinion denying the relator's writ, "[a] magistrate is not required to be polite or respectful, only fair; and the experiences of a person charged with a crime before a magistrate are not expected to be 'pleasant'." To be sufficient, an affidavit must state specific facts or reasons relating to the conclusion that the magistrate is biased. The relator's statements, on the other hand, are too vague and conclusory to meet the requirements of W.Va.Code § 50–4–7. We note that in his brief to this Court, the relator cited additional, more specific alleged conduct of the respondent to support his claim of bias. This alleged conduct, however, was not stated in his affidavit of bias and was not reviewed by the respondent. It is, therefore, not relevant to the issue that we determine here.

We find, therefore, that the purpose of W.Va.Code § 50–4–7 (1992), was to provide a procedure whereby a party could file an affidavit containing facts or reasons to support an allegation of bias against the magistrate. The magistrate was to review this affidavit to determine whether the facts and reasons, if true, were sufficient to support an allegation of bias. If they were sufficient, the magistrate was to remove herself from the proceedings and transfer the case to another magistrate. In this case, however, the relator's affidavit is not sufficient to activate the transfer of his case to another magistrate. In addition, we note there is no evidence to show that the respondent violated the Code of Judicial Conduct provisions concerning impartiality. We find, as a result, that the respondent did not exceed her legitimate powers by continuing to act once the relator filed his affidavit.

Also, we note that on January 30, 1997, this Court adopted a new rule, pursuant to its rule making authority under Article 8, Section 3 of the West Virginia Constitution, which supersedes W.Va.Code § 50–4–7 (1992). "Under article eight, section three of our Constitution, the Supreme Court of Appeals shall have the power to promulgate rules for all of the courts of the State related to process, practice, and procedure, which shall have the force and effect of law." (Citations Omitted) Syllabus Point 9, *Teter v. Old Colony Co.,* 190 W.Va. 711, 441 S.E.2d 728 (1994).

> Under Article VIII, Section 8 [and Section 3] of the Constitution of West Virginia (commonly known as the Judicial Reorganization Amendment), administrative rules promulgated by the Supreme Court of Appeals of West Virginia have the force and effect of statutory law and operate to supersede any law that is in conflict with them. (Citations Omitted).

*Id.,* Syllabus Point 10.

Our new rule is in accordance with W.Va. Code § 50–4–7 (1992), in that it provides for no automatic disqualification of a magistrate solely upon the filing of an affidavit, and states this with specificity. In addition, it provides that all affidavits in support of disqualification will be reviewed by the supervising circuit judge who shall then grant or deny the disqualification motion.[4] This, of

---

**4.** *Administrative Rules For Magistrate Courts* Rule 1B (1997), states in relevant part:

(a) *Form of Motion.* A party or attorney for a party to any magistrate court proceeding except an initial appearance may file a written motion for disqualification of a magistrate. The motion shall be in the form of an affidavit, and shall state that it is made in good faith and shall include specific facts and reasons supporting disqualification....

(c) *Duties in Response to Disqualification Motion.*

(1) All Proceedings. Upon the filing of a disqualification motion, the magistrate shall immediately forward to the supervising circuit judge a copy of the motion and any relevant evidence, along with a written statement as to why the magistrate believes there is or is not good cause for disqualification. The supervising circuit judge, applying the pertinent provision(s) of the Code of Judicial Conduct, shall grant or deny the disqualification motion. The filing of a disqualification motion shall not be, in and of itself, a ground for disqualification. Until the issue of disqualification is decided, the magistrate shall proceed no further in the case and as necessary shall, with notice to the parties, continue any earlier-scheduled proceeding in the case....

course, is a departure from the procedure set forth in W.Va.Code § 50–4–7.

## III.

### Conclusion

■ In conclusion, we find that W.Va.Code § 50–4–7 (1992), which provides that a party to a magistrate proceeding may have his case transferred to another magistrate upon the filing of an affidavit of bias, did not automatically mandate such a transfer unless the affidavit was sufficient to support the allegations of bias. Here, we find that the relator's affidavit was not sufficient to support an allegation of bias and, therefore, the respondent was not required by W.Va.Code § 50–4–7, to remove herself and transfer the relator's cases to another magistrate. In addition, this Court adopts a new rule, Rule 1B of

*(e) Case and Assignment*
(1) When a magistrate is disqualified or recused, the magistrate shall immediately transfer all matters relating to the case to the magistrate court clerk, who shall forthwith assign the case to another magistrate within the county pursuant to Rule 2 of these rules or, if no

the Administrative Rules for Magistrate Courts, which supersedes W.Va.Code § 50–4–7, and prospectively provides there is no automatic mandatory right of a party to have a magistrate disqualified.

For the reasons set forth above, we conclude that the contentions of the relator are without merit.

Therefore, the writ of prohibition sought herein is denied.

Writ Denied.

other magistrate is available, shall forthwith notify the supervising circuit judge of the need for the assignment of a magistrate from another county to hear the case.